IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 14, 2017

## JEFFREY S. PETTY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Dickson County**
**No. 22CC-2013-CR-647   Larry J. Wallace, Judge**

_____

### No. M2016-01488-CCA-R3-PC

_____

The Petitioner, Jeffrey S. Petty, appeals the Dickson County Circuit Court's denial of his petition for post-conviction relief. On appeal, he argues that trial counsel was ineffective by (1) failing to move for a mistrial based on juror misconduct; (2) failing to file a motion to suppress evidence found in the Petitioner's car; and (3) failing to include certain issues in his motion for new trial. Upon our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Steven S. Hooper, Waverly, Tennessee, for the Petitioner, Jeffrey S. Petty.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; Wendell Ray Crouch, Jr., District Attorney General; and Carey J. Thompson, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On August 8, 2008, a Dickson County jury convicted the Petitioner of first degree felony murder and arson. This court summarized the facts underlying the Petitioner's convictions in its opinion on direct appeal. State v. Jeffrey Scott Petty, No. M2009-01621-CCA-R3-CD, 2013 WL 510150 (Tenn. Crim. App. Feb. 12, 2013). In short, the victim, Kenneth Brake, owned a trailer where the Petitioner had formerly lived. Id. at *1. The victim's body was found in the trailer, which had been set on fire. Id. It was determined that the victim died of a gunshot wound before the fire started. Id. In a statement to officers, the Petitioner admitted to planning a robbery of the victim with a co-defendant, Thomas Dotson. Id. However, the Petitioner said that he waited outside

while Dotson shot the victim and then lit the trailer on fire. Id. The jury found the Petitioner guilty of first degree felony murder and arson, and the trial court sentenced him to life imprisonment and five years, respectively, to be served consecutively. Id. The Petitioner appealed his convictions, which were affirmed by this court. Id. at *5.

On September 27, 2013, the Petitioner filed a pro se petition for post-conviction relief. On October 16, 2013, the post-conviction court appointed post-conviction counsel, who later filed two amended petitions for post-conviction relief.

At the post-conviction hearing, the Petitioner's trial counsel testified that he had been a public defender for seventeen years and that he had handled over fifty murder trials. He recalled an incident that occurred during trial between one of the sequestered jurors and a waitress during a lunch break. It was determined that the waitress was the mother of one of the witnesses and that the juror and the waitress had a conversation about an ink pen. After learning about the incident, the trial court questioned the juror and determined that the facts of the case were not discussed. Trial counsel recalled that the court dismissed the juror "out of the abundance of caution but not because he actually thought that juror had been prejudicing anyone." Trial counsel did not ask the juror questions because he "didn't see any need to," and because the trial court had sufficiently questioned the juror.

Trial counsel confirmed that officers searched the Petitioner's car and found a Walmart receipt showing that the Petitioner purchased shotgun shells the night of the murder. Counsel also confirmed that the shotgun shells were the same type of shells that were used in the murder. Although trial counsel filed a motion to suppress the Petitioner's statement to officers, he did not move to suppress the search of the Petitioner's car. Trial counsel believed that the officers would have found out eventually about the Walmart purchase from the Petitioner's co-defendant because the co-defendant had been with the Petitioner at Walmart, had accepted a plea deal, and had given a proffer to the State. Trial counsel also recalled that the Petitioner gave officers consent to search his car and that there was no evidence that the consent was coerced or involuntary.

Trial counsel said that he did not file the Petitioner's motion for new trial and that he could not recall if he discussed the grounds for the motion with his co-counsel, who drafted and filed the motion. However, counsel testified that the motion "clearly was not sufficient . . . [b]ecause it left out all the things that needed to be taken up on appeal," such as challenging the denial of the motion to suppress the Petitioner's statement. Counsel opined that the Petitioner "did not get effective assistance of counsel on this motion."

The Petitioner testified that he did not ask his trial counsel to question the dismissed juror because he "wasn't aware that would be an issue." The Petitioner acknowledged that the conversation was only about an ink pen. The Petitioner also testified that he did not give officers consent to search his car. The Petitioner said that he asked officers if he could lock his car, but officers said they would "lock it up for [him]." However, the Petitioner also testified that he called his father to come get his car and that when his father arrived, "the vehicle had already been searched and pretty much trashed, destroyed, everything threw [sic] around in it."

The post-conviction court denied relief by order on July 1, 2016, and the Petitioner timely appealed.

## ANALYSIS

In this appeal, the Petitioner argues that he received ineffective assistance of counsel when trial counsel (1) failed to move for a mistrial regarding juror misconduct; (2) failed to file a motion to suppress the evidence found in the Petitioner's car; and (3) failed to raise "all grounds" in his motion for new trial. The State argues that there was no juror misconduct, that the post-conviction court accredited trial counsel's testimony that the Petitioner gave consent to the search, and that the post-conviction court properly held that the Petitioner failed to show prejudice regarding claims not raised in his motion for new trial. Upon review, we agree with the State.

We begin our review of these issues by acknowledging that post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgment of a constitutional right. T.C.A. § 40-30-103. The Tennessee Supreme Court has held:

> A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal citations and quotation marks omitted); Frazier v. State, 303 S.W.3d 674, 679 (Tenn. 2010); see Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011). A post-conviction petitioner has the burden of proving the factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f);

- 3 -

Tenn. Sup. Ct. R. 28, § 8(D)(1); Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Lane v. State, 316 S.W.3d 555, 562 (Tenn. 2010); Grindstaff v. State, 297 S.W.3d 208, 216 (Tenn. 2009); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

In Vaughn, the Tennessee Supreme Court repeated well-settled principles applicable to claims of ineffective assistance of counsel:

> The right of a person accused of a crime to representation by counsel is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. Both the United States Supreme Court and this Court have recognized that this right to representation encompasses the right to reasonably effective assistance, that is, within the range of competence demanded of attorneys in criminal cases.

Vaughn, 202 S.W.3d at 116 (internal quotations and citations omitted).

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. Id. (citing Strickland v. Washington, 466 U.S. 668, 687 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [Petitioner] makes an insufficient showing of one component." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697).

A petitioner successfully demonstrates deficient performance when the clear and convincing evidence proves that his attorney's conduct fell below "an objective standard of reasonableness under prevailing professional norms." Id. at 369 (citing Strickland, 466 U.S. at 688; Baxter, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. at 370 (quoting Strickland, 466 U.S. at 694).

We note that "[i]n evaluating an attorney's performance, a reviewing court must be highly deferential and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." State v. Burns, 6 S.W.3d 453, 462 (Tenn. 1999) (citing Strickland, 466 U.S. at 689). Moreover, "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of

circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." Strickland, 466 U.S. at 688-89. However, we note that this "'deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation.'" House v. State, 44 S.W.3d 508, 515 (Tenn. 2001) (quoting Goad, 938 S.W.2d at 369).

The Petitioner argues that trial counsel was ineffective for failing to request a mistrial after learning that a sequestered juror had spoken to a waitress during lunch. Determining whether to request a mistrial is a strategic decision, and considerable deference is given to trial counsel when analyzing the effectiveness of counsel's assistance regarding trial strategies. See Wiley v. State, 183 S.W.3d 317, 331-32 (Tenn. 2006); see also Wiggins v. Smith, 539 U.S. 510, 521-22 (2003). The post-conviction court found that the juror's conversation was "only about an ink pen" and was not improper. The juror was also voir dired prior to being dismissed and said that he had simply asked the waitress at lunch to borrow a pen and that he did not discuss the incident with any other jurors. Although the waitress was determined to be the mother of one of the witnesses who had testified at trial, no further allegations of misconduct were made. Further, the juror was immediately released from jury service. The Petitioner argues that "everything was not done to confirm that the juror was being honest about the communication that he had with a third party and that the other jurors were not prejudiced because of the conversation." However, trial counsel testified that he did not question the juror further or request a mistrial because the trial court adequately questioned the juror, the juror was excused, and there was no reason to believe that any improper conduct had occurred. Under these circumstances, trial counsel was not ineffective for failing to request a mistrial.

Next, the Petitioner argues that trial counsel provided ineffective assistance by failing to make a motion to suppress the evidence found in his car, specifically, the Walmart receipt. The post-conviction court accredited trial counsel's testimony that he believed the Petitioner gave consent to officers to search his car and that, therefore, there was no legal basis to file a motion to suppress. Trial counsel also testified that the Petitioner's co-defendant would have given officers the same information that the search of the Petitioner's car revealed, i.e., that the Petitioner had been to Walmart shortly before the murder and had purchased the same ammunition that was used to shoot the victim. The Petitioner also testified that the search of his car was conducted after he was arrested. Without any showing otherwise by the Petitioner, deference is given to counsel's decision not to file a motion to suppress. See House, 44 S.W.3d at 515 (citing Goad, 938 S.W.2d at 369); see also Titus Miller v. State, No. W2012-01105-CCA-R3-PC, 2013 WL 1908705, at *9 (Tenn. Crim. App. May 7, 2013) (holding that trial counsel was not ineffective in failing to file a motion to suppress where counsel opined that the

motion would not be successful).  Accordingly, the Petitioner has failed to establish by clear and convincing evidence that counsel was deficient.

Finally, the Petitioner asserts that trial counsel failed to include "all grounds as to why a new trial should be granted."  However, the Petitioner does not specify which issues should have been included and appears to solely rely on trial counsel's testimony at the post-conviction hearing that counsel believed the motion was insufficient.  Trial counsel's co-counsel, who drafted and filed the motion for new trial, was not called to testify at the post-conviction hearing, and the post-conviction court found that the Petitioner failed to establish any actual prejudice suffered as a result of his motion for new trial.  Also, as we have already noted, without proof to the contrary, deference is given to trial counsel's tactical decisions.

The Petitioner also mentions that the denial of the motion to suppress his confession should have been included in the motion for new trial.  The Petitioner again appears to be solely relying on trial counsel's testimony that this issue should have been included and provides no further legal analysis.  Trial counsel testified that his motion to suppress the Petitioner's confession was based on the theory that "statements were made to [the Petitioner] that indicated to [the Petitioner] that he would be helped out by law enforcement and that he would not be looking at a first degree murder conviction if he helped."  However, as the post-conviction court noted, trial counsel also testified that the Petitioner's testimony at the suppression hearing contradicted this theory and left no basis for challenging his statement to officers.  The record does not preponderate against the findings of the post-conviction court.  Accordingly, the Petitioner has failed to establish deficient performance or prejudice to his case as a result.  He is not entitled to relief.

## CONCLUSION

Based on the above reasoning and analysis, the judgment of the post-conviction court is affirmed.

_____

CAMILLE R. McMULLEN, JUDGE

- 6 -